**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION**

WASEEM DAKER,

    Plaintiff,

v.

UNITED STATES OF AMERICA; BRIAN
CHRISTOPHER JOHNSON; and BUREAU
OF ALCOHOL, TOBACCO, FIREARMS,
AND EXPLOSIVES,

    Defendants.

CIVIL ACTION NO.: 6:15-cv-49

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at Georgia State Prison in Reidsville, Georgia, filed this action pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346 and 2670, *et seq.*, and <u>Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), in the United States District Court for the District of Columbia on April 16, 2015. (Doc. 1.) Plaintiff executed his Complaint on February 1, 2015. (<u>Id.</u>) Along with his Complaint, Plaintiff filed a Motion to Proceed *in Forma Pauperis*. (Doc. 2.) The case was transferred to this Court. (Doc. 4.) On May 13, 2015, this Court granted Plaintiff's Motion to Proceed *in Forma Pauperis*. (Doc. 6.) However, this Court later noted that a prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915. (Doc. 10, p. 1.) After further review, the Court denied Plaintiff's Motion to Proceed *in Forma Pauperis*, (doc. 9). Additionally, I recommended that the Court dismiss Plaintiff's Complaint, without prejudice, pursuant to 28 U.S.C. § 1915(g) and that the Court deny Plaintiff *in forma pauperis* status on appeal. (Doc. 10.) Plaintiff filed

Objections to this Report and Recommendation, arguing that he does not have any "strikes" within the meaning of Section 1915(g). (Doc. 13.) Prior to the entry of an order disposing of the Report and Recommendation, the Honorable J. Randal Hall issued an Order staying this action until the Eleventh Circuit Court of Appeals resolved an appeal Daker had filed with that Court in an unrelated case. (Doc. 16.) The Eleventh Circuit has issued an opinion regarding Plaintiff's appeal. Daker v. Commissioner, Georgia Department of Corrections, 820 F.3d 1278 (11th Cir. 2016). Chief Judge Hall has now lifted the previously-imposed stay. (Doc. 18.) Thus, I hereby **VACATE** my December 28, 2015, Report and Recommendation, (doc. 10), and enter the following in its stead. For the reasons which follow, I **RECOMMEND** that the Court **DISMISS** Plaintiff's Complaint, **without prejudice**, pursuant to 28 U.S.C. § 1915(g), and **DENY** Plaintiff *in forma pauperis* status on appeal.[1]

## BACKGROUND

Plaintiff contends that, on February 16, 2010, Defendant Brian Christopher Johnson unlawfully obtained a warrant for Plaintiff's arrest for being a felon in possession of a firearm. (Doc. 1, p. 8.) Plaintiff alleges that Johnson obtained the warrant in order to assist the Cobb

---

[1] A "district court can only dismiss an action on its own motion as long as the procedure employed is fair. . . . To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotations marks omitted). A Magistrate Judge's Report and Recommendation ("R&R") provides such notice and opportunity to respond. See Shivers v. Int'l Bhd. of Elec. Workers Local Union, 349, 262 F. App'x 121, 125, 127 (11th Cir. Jan. 8, 2008) (indicating that a party has notice of a district court's intent to *sua sponte* grant summary judgment where a magistrate judge issues a report recommending the *sua sponte* granting of summary judgment); Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting that R&R served as notice that claims would be *sua sponte* dismissed). This Report and Recommendation constitutes fair notice to Plaintiff that his suit is barred and due to be dismissed. As indicated below, Plaintiff will have the opportunity to present his objections to this finding, and the district judge will review *de novo* properly submitted objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; see also Glover v. Williams, No. 1:12-CV-3562-TWT-JFK, 2012 WL 5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining that magistrate judge's R&R constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

2

County District Attorney's Office in opposing Plaintiff's motion for bail in a then-pending state prosecution. (Id.) Plaintiff maintains Defendant Johnson's actions constitute the torts of false arrest, false imprisonment, abuse of process, and malicious prosecution. Plaintiff contends Defendant Johnson failed to have Plaintiff transferred to a proper facility for his "safekeeping, care, and subsistence[.]" (Id.) He further alleges that he was assaulted by other inmates while he was housed in the Cobb County Jail as a result of Defendant Johnson's failure to have Plaintiff transferred to another facility. (Id.)

## STANDARD OF REVIEW

Plaintiff has brought this action *in forma pauperis* under 42 U.S.C. § 1983. Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of his assets and shows an inability to pay the filing fee and also includes a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). Additionally, pursuant to 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity. Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous or malicious, or fails to state a claim upon which relief may be granted or which seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

When reviewing a Complaint on an application to proceed *in forma pauperis*, the Court is guided by the instructions for pleading contained in the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . .

a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys.") (emphasis omitted) (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse

mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

**DISCUSSION**

**I.     Dismissal Under Section 1915(g)**

A prisoner such as Plaintiff attempting to proceed *in forma pauperis* in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"). Pertinently, 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The Eleventh Circuit Court of Appeals has explained that "[t]his provision of the PLRA, 'commonly known as the 'three strikes' provision,' requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (quoting Lyon v. Krol, 127 F.3d 763, 764 (8th Cir. 1997)).[2] Dismissals for providing false filing-history information and failing to comply with court orders both fall under the category of "abuse of the judicial process", which the Eleventh Circuit has held to be a "strike-worthy" form of dismissal under Section 1915(g). See id. at 731 (dismissal for failure to disclose prior litigation is "precisely the type of strike that Congress envisioned when drafting section 1915(g)"); Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1544 (11th Cir. 1993) (characterizing failure to comply with court orders as "abuse of the judicial process").

---

[2] The Eleventh Circuit upheld the constitutionality of Section 1915(g) in Rivera. In so doing, the Court concluded that Section 1915(g) does not violate an inmate's rights to access to the courts, to due process of law, or to equal protection, or the doctrine of separation of powers. Rivera, 144 F.3d at 721–27.

5

The Eleventh Circuit has held that a prisoner barred from proceeding *in forma pauperis* due to the "three strikes" provision in § 1915(g) must pay the entire filing fee[3] when he initiates suit. Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir. 2001). Therefore, the proper procedure for a district court faced with a prisoner who seeks *in forma pauperis* status but is barred by the "three strikes" provision is to dismiss the complaint without prejudice. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

Plaintiff asserts that he does not have "three strikes" under Section 1915(g). (Doc. 17, p. 3.) In Daker v. Commissioner, Georgia Department of Corrections, 820 F.3d 1278 (11th Cir. 2016), the Eleventh Circuit had occasion to consider whether Plaintiff was a three-striker within the meaning of Section 1915(g) based on six (6) of Daker's previous filings the Middle District of Georgia cited as being "strikes". The cases the Middle District of Georgia counted as strikes were: 1) Daker v. Head, No. 01-14624 (11th Cir. Jan. 25, 2002) (an interlocutory appeal from a civil lawsuit the Eleventh Circuit dismissed for lack of jurisdiction); 2) Aziyz v. Tremble, No. 05-11696 (11th Cir. May 9, 2005) (same); 3) Daker v. Barrett, No. 03-15771 (11th Cir. July 26, 2004) (Eleventh Circuit dismissed an appeal from a civil lawsuit "for want of prosecution because [Daker] has failed to file [an] appellant brief within the time fixed by the rules"); 4) In re Daker, No. 12-12073 (11th Cir. July 12, 2012), (dismissal of a petition for a writ of mandamus "for want of prosecution" under Eleventh Circuit Rule 42-1(b) "because . . . Daker failed to pay the $450 docket fee . . . within the time fixed by the rules"); 5) In re Daker, No. 12-12072 (11th

---

[3] The applicable filing fee is now $400.00. "The entire fee to be paid in advance of filing a civil complaint is $400. That fee includes a filing fee of $350 plus an administrative fee of $50, for a total of $400. A prisoner who is granted *in forma pauperis* status will, instead, be assessed a filing fee of $350 and will not be responsible for the $50 administrative fee. A prisoner who is denied *in forma pauperis* status must pay the full $400, including the $350 filing fee and the $50 administrative fee, before the complaint will be filed." Callaway v. Cumberland Cty. Sheriff Dep't, No. CIV. 14-4853 NLH, 2015 WL 2371614, at *1 (D.N.J. May 18, 2015); see also Owens v. Sec'y Fla. Dep't of Corr., Case No.: 3:15cv272/MCR/EMT, 2015 WL 5003649 (N.D. Fla. Aug. 21, 2015) (noting that the filing fee applied to cases in which a prisoner-plaintiff is denied *in forma pauperis* status is $400.00).

Cir. Aug. 6, 2012) (same); and 6) Georgia v. Daker, No. 12-12519 (11th Cir. Nov. 5, 2012) (same). The Eleventh Circuit noted that, in the last three dismissals listed, only "a single judge of this Court denied Daker's petitions to proceed *in forma pauperis* because his filings were 'frivolous.'" Daker, 820 F.3d at 1282. The Eleventh Circuit determined that the three appeals, which were dismissed for lack of prosecution, could not count as strikes because Daker's applications to proceed *in forma pauperis* on appeal were denied by one judge on the panel as being frivolous. Id. at 1284–85. The Eleventh Circuit reasoned that the text of Section 1915(g) mandates that the reason for the dismissal of a cause of action or an appeal—as opposed to a denial of an application to proceed *in forma pauperis*—had to be because the cause of action or appeal was frivolous, malicious, or failed to state a claim. Id. at p. 1285. In addition, the Eleventh Circuit stated that a dismissal for lack of jurisdiction was likewise not a determination on the merits of a litigant's cause of action or appeal. Id. at p. 1284.

Thus, the Eleventh Circuit concluded that the six (6) cases the Middle District of Georgia used to label Plaintiff a three-striker did not constitute strikes under the language of Section 1915(g). However, the Eleventh Circuit made clear that it "express[ed] no view on whether Daker has any other strikes . . . [or] as to whether one or more of the six dismissals might have failed to qualified as strikes for other reasons." Daker, 820 F.3d at 1286. Thus, the Eleventh Circuit did not determine that Plaintiff is not a three-striker. Rather, it only determined that the six (6) particular cases the Middle District of Georgia used did not constitute strikes for the reasons the district court found. In recommending that Plaintiff's Complaint in this case be dismissed based on Section 1915(g), the Court relied—at least in part—on the cases the Middle District of Georgia found to be strikes. (Doc. 10, pp. 3–4.)

Nevertheless, reviewing Plaintiff's history of filings anew reveals that he indeed has brought more than three civil actions or appeals which count as strikes under Section 1915(g). In reaching this conclusion, this Court has not utilized the same six (6) cases the Middle District of Georgia counted as strikes. Instead, the following cases, which do not include any of the cases the Eleventh Circuit found are not strikes, constitute strikes under Section 1915(g): 1) Daker v. Warren, No. 13-11630-B (11th Cir. Mar. 4, 2014) (appeal dismissed after finding it frivolous; 2) Daker v. Mokwa, 2:14cv395-UA-MRW (C.D. Cal. Feb. 4, 2014), ECF No. 2 (complaint dismissed as being frivolous, malicious, or failing to state a claim; 3) Daker v. Robinson, 1:12-cv-00118-RWS (N.D. Ga. Sept. 12, 2013) (Plaintiff's complaint dismissed based on his failure to follow a court order); and 4) Daker v. Dawes, 1:12-cv-00119-RWS (N.D. Ga. Sept. 12, 2013) (same). The causes of action and appeals this Court cites to as being "strikes" were dismissed for being frivolous, malicious, or failing to state a claim for relief. These causes of action and appeals were not dismissed on any other ground which failed to address the merits of Plaintiff's claims.[4]

This same review also reveals scores of other civil actions and appeals which were dismissed and/or count as strikes under Section 1915(g). In re Daker, No. 1:11-CV-1711-RWS, 2014 WL 2548135, at *2 (N.D. Ga. June 5, 2014) (summarizing Plaintiff's litigation history). This Court and other courts have noted that Plaintiff is a serial litigant with a significant history of filing frivolous lawsuits. See e.g., Daker v. Head, et al., 6:14-cv-47 (S.D. Ga. Sept. 8, 2014), ECF Nos. 13, 14 (R&R and Order denying Plaintiff leave to proceed *in forma pauperis* due to three striker status); Daker v. Warren, No. 1:11-CV-1711-RWS, 2014 WL 806858, at *1 (N.D.

---

[4] While the last two causes of action this Court cites were dismissed based on Plaintiff's failure to follow the orders of a court, the Eleventh Circuit has considered cases dismissed for this reason (or those representing an abuse of the judicial process) to be "strike-worthy". See Rivera, 144 F.3d at 731; Malautea, 987 F.2d at 1544.

8

Ga. Feb. 28, 2014) ("Waseem Daker is an extremely litigious state prisoner[.]"). In light of Plaintiff's litigation history, the Eleventh Circuit "has determined that the 'three strikes' provision of the Prison Litigation Reform Act of 1995 is applicable to" him. See, e.g., Letter dated May 29, 2014, in Daker v. Comm'r, No. 14–12139 (11th Cir. 2014); Letter dated April 18, 2014, in Daker v. Comm'r, No. 14–11571 (11th Cir. 2014) (same).[5]

Because Plaintiff has filed at least three previously dismissed cases or appeals which qualify as strikes under Section 1915(g), Plaintiff may not proceed *in forma pauperis* in this action unless he can demonstrate that he meets the "imminent danger of serious physical injury" exception to Section 1915(g). "In order to come within the imminent danger exception, the Eleventh Circuit requires 'specific allegations of present imminent danger that may result in serious physical harm.'" Odum v. Bryan Cty. Judicial Circuit, No. CV407-181, 2008 WL 766661, at *1 (S.D. Ga. Mar. 20, 2008) (quoting Skillern v. Jackson, No. CV606-49, 2006 WL 1687752, at *2 (S.D. Ga. June 14, 2006) (citing Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004))). General and conclusory allegations not grounded in specific facts indicating that injury is imminent cannot invoke the Section 1915(g) exception. Margiotti v. Nichols, No. CV306-113, 2006 WL 1174350, at *2 (N.D. Fla. May 2, 2006). "Additionally, 'it is clear that a prisoner cannot create the imminent danger so as to escape the three strikes provision of the PLRA.'" Ball v. Allen, No. 06-0496, 2007 WL 484547, at *2 (S.D. Ala. Feb. 8, 2007) (citing Muhammad v. McDonough, No. CV306-527-J-32, 2006 WL 1640128, at *1 (M.D. Fla. June 9, 2006)). Moreover, a harm that has already occurred or danger that has now passed cannot justify skirting the three strike bar. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999)

---

[5] Courts have also recognized that Plaintiff has "repeatedly abused the judicial process by filing IFP affidavits that conceal and/or misstate his true assets and income." In re Daker, No. 1:11-CV-1711-RWS, 2014 WL 2548135, at *2. Plaintiff's allegations of poverty in this case are no different than those made in other cases in which he sought to proceed without prepayment of his filing fee, and therefore, provide an alternative ground for dismissal. (Doc. 2.)

9

("prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception to the statute."); see also Abdul-Akbar v. McKelvie, 239 F.3d 307, 315 (3d Cir. 2001) ("By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred.").

Plaintiff should not be excused from prepaying the filing fee under the imminent danger of serious physical injury exception. His Complaint makes no allegation that Defendants' alleged actions pose a serious risk of imminent physical danger. Instead, Plaintiff makes allegations concerning events which allegedly occurred in 2010, which is nearly five years prior to the filing of his Complaint. Plaintiff makes no allegations that he actually faced this danger at the time he signed his Complaint on February 1, 2015. Therefore, Section 1915(g) bars Plaintiff from proceeding *in forma pauperis* in this case. Should Plaintiff choose to prosecute these claims while incarcerated, he must bring a separate action and pay the full filing fee.

## II.    Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.[6] Though Plaintiff has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not take in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or

---

[6] A certificate of appealability is not required in this Bivens action.

argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Or, stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Additionally, Daker's status as a three-striker prevents him from filing an appeal *in forma pauperis*, just as it prevents him from filing this action. Thus, the Court should **DENY** him *in forma pauperis* status on appeal.

## CONCLUSION

For the above-stated reasons, I hereby **VACATE** my December 28, 2015, Report and Recommendation, (doc.10), and enter this Report and Recommendation in its stead. For these same reasons, I **RECOMMEND** that the Court **DISMISS** Plaintiff's Complaint, **without prejudice**, pursuant to 28 U.S.C. § 1915(g), and **DENY** Plaintiff *in forma pauperis* status on appeal.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be

served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon the Plaintiff.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 26th day of May, 2017.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA